ALEXANDER JOOST V. THOMAS W. SCOTT.

Property which has been delivered to a factor for shipment, and upon which the factor has made advances, may nevertheless be taken in execution by a creditor of the owner, subject to the advances which have been made.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

Suit by appellee against appellant to enjoin a sale of six bales of hides, taken in execution at suit of defendant against Larkins Robinson, and claimed by plaintiff under a contract with Robinson, whereby, as plaintiff alleged in his petition, plaintiff had advanced $130 41 to said Robinson, upon said hides, which had been delivered to plaintiff by Robinson, to be shipped to Galveston for sale, the proceeds, after paying all expenses and the advance as aforesaid, to be paid to Robinson; and plaintiff alleged "that any balance that may be due after payment of said advance and charges, is not subject to execution at the suit of said creditor of said defendant in execution; but to allow said levy to be made effectual, and a sale thereunder, would operate in restraint of trade, and would be contrary to good policy and to the injury of your petitioner."

The proof was that there were 2799 pounds; that their value at Magnolia was, some said eight cents, some nine cents; and that plaintiff had advanced $198 50 on the hides. It was not very clear that the $68 50 had not been advanced after the levy, under the impression that plaintiff's contract with Robinson warranted him paying over the balance of the proceeds to Robinson. The hides had been sold and the proceed swere in the plaintiff's hands.

The Court charged the jury, that if they found for the

plaintiff they had nothing more to do, but if they found for the defendant, they should inquire what, if any, damage had been sustained by the defendant by the suing out of the injunction.

Verdict and judgment for plaintiff. Motion for a new trial overruled, &c.

*R. A. Reeves*, for appellant.

*J. E. Cravens*, for appellee, argued that the plaintiff, by his contract as factor, took such property in the hides as would prevent a levy by the creditor of the general owner. (Bouv. L. D. tit. FACTOR; 2 Kent, 640; 16 Peters, 129; 14 Id. 330; Carlin v. Hudson, 12 Tex. R. 202.)

WHEELER, J. If the property had been sold under the execution, it must have been subject to the plaintiff's lien upon it. The advances, according to the evidence, about equalled the value of the property. But the plaintiff's claim, as stated in his petition, was for a less sum advanced, The property appearing by the evidence to have been sold, and the proceeds in the hands of the plaintiff, he could have no pretence to retain more than sufficient to cover his demands as stated by himself in his petition. The jury ought to have been instructed to ascertain the value of the property, and the excess should have been awarded to the defendant; and thus complete justice would have been done between the parties. To the end that it may be so done, the judgment must be reversed and the cause remanded.

Reversed and remanded.